## CLYNE v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10699.   Decided June 25, 1930

Harvey E. Elliott, Cleveland, for Clyne.
Ray T. Miller and David R. Hertz, both of Cleveland, for State.

**SULLIVAN, J.**

We have examined the record as to pregnancy, the use of the instrument, the question of criminal intent, and the admission of evidence of the alleged abortion upon the body of one Helen McGrail, over an exception duly made on the ground that it was a separate and independent crime occurring subsequently to the acts charged in the indictment upon the body of decedent, Dorothy McCoy, as of June 18, 1929, and as to this last assignment of error we are unanimously of the opinion, after a long and careful examination of the record, that it is not well taken, and it is obvious from the record that its admission was not prejudicial under the law, to the rights of plaintiff in error, and that consequently there was a fair and impartial trial as guaranteed to plaintiff in error under the consti-

tution and laws, not only in this respect but in all other aspects upon which error is based.

The state urges that this testimony of Helen McGrail is competent in connection with the other testimony in the case, for the purpose of determining the question of intent and to prove that the criminal act of abortion committed upon another person at another time tended to prove the plaintiff in error an abortionist, notwithstanding the indictment returned by the grand jury, was the charge of abortion upon the body of Dorothy McCoy performed June 18, 1929, which resulted in her death June 25, 1929, as above stated, and the subsequent operation about two months thereafter.

The common pleas court held that the evidence was admissible under the common law. The state claims that the admission of evidence of an abortion other than that named in the indictment, is competent because it was admissible in common law under 13444-19 GC, which the state urges as a rule of evidence and not a rule of substantive law. It is claimed that these provisions furnish ground for the admission of this class of testimony in order to show intent and purpose.

It is further claimed that the provisions are procedural and therefore, even though they are retroactive in character, they are not subject to assault, and authorities are cited to show that if the statute of limitations applies to the instant case and that it is retroactive in nature, yet it is merely procedural, and not substantive.

**16 Corpus Juris Sec. 1132; Cobel vs State, 31 Oh St 100; State vs Brooks 10 Dec. Rep. 407; Patterson vs State 96 Oh St 90; Barnett vs State 104 Oh St 298; Arnold vs State 33 Oh Ap 185; 2nd O. Bar Rep. 39.**

The above cases are cited by the state in support of the doctrine, and numerous other cases, such as **State vs. Brown, 26 De. 499,** are cited to show that the general common law doctrine is applicable to the case at bar.

It is also claimed that **Beckman vs State, 122 Oh St 443,** recently decided by our Supreme Court, No. 22173, is decisive of the case at bar but from an examination of the syllabi we think it not applicable as to the introduction of other crimes, for the reason that the subsequent and similar crimes were carried out under a common agreement between joint defendants whose purpose was the perpetration of criminal transactions and thus the existence of conspiracy became material and it is a well known proposition of law that when the conspiracy is established that testimony outside the case on trial is competent to establish the joint act, and we further find a reason for a distinction in the fact that the question of receiving stolen property was an element in the case and therefore involved the principle of scienter and therefore the inapplicability of Beckman supra is obvious, excepting upon the question of the retroactive force of the statute, which supports the admissibility of the evidence in the instant case, as will be seen by a reading of the third syllabi in Beckman, supra, which is as follows:

"When a prosecution in a criminal case is instituted subsequently to the effective date of an amendment of a statute relating to the procedure of prosecution the crime charged having been committed prior to the effective date of such amendment, the case is not a pending proceeding within the purview of 26 GC, and the amended statute governs at the trial. (**Berzell v. State 111 Oh St** approved and followed."

In applying this decision we must keep in mind **13444-19 GC** which became effective July 21, 1929, while in the instant case the operation took place June 18, 1929 and the death occurred June 25, 1929. We copy the section of the statute for the purpose of impressing its force and effectiveness as a decisive element in the instant case in connection with the third syllabi of Beckman, supra herein noted:

"13444-19 Proof of Defendant's motive etc.—In any criminal case where the defendant's motive, intent, the absence of mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of mistake or acciden on his part, or the defendant's scheme, plan or system in doing the act in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another or subsequent crime by the defendant."

The record in the instant case forms the basis for the introduction of evidence as to the subsequent offense because it became material not only to show motive and intent, but a scheme, plan or system in doing the act, and consequently it is our judgment that notwithstanding the instant case is distinguished from those bearing upon scienter, yet under this statute as to the plan and system and the Beckman case supra, the testimony concerning the abortion upon one Helen McGrail was admissible.

In **Patterson vs State of Ohio, 96 Oh St 90,** we find that the evidence of similar offenses as the one charged in the indictment was based upon larcenies resulting from the adoption of a plan, purpose and confederation to steal automobile at different times and places. This case held that evidence relating to a larceny committed in pusuance of the criminal plan, is competent and even though the accused made objection to the evidence because he had been tried and acquitted of the larceny but made no other objection and no request limiting the purpose of such testimony, that on error proceedings he could obtain no advantage because the court did not limit such evidence to the purpose stated.

Barnett vs State of Ohio has also been cited by the state, but we do not find this case applicable as authority for the introduction of the evidence bearing upon another attempted abortion made subsequent-

ly to the commission of the offense charged in the indictment, for the reason that in that case the evidence of similar assaults was admitted to prove habitual moral degeneracy and perversion which all tended to the identification of the defendant under trial. That is not the instant case because the statute allows a surgical operation under the existence of certain contingencies such as the advice of other physicians and it is not the crime of a pervert such as in Barnett supra.

Consequently we do not think this case applies to the one at bar.

It is a well known doctrine of law that evidence of similar crimes committed by the same person within a reasonable time from each other whose commission is based upon guilty knowledge or **scienter,** is competent for the purpose of showing a guilty mind, and the cases to which the doctrine is limited is such cases as receiving stolen property, counterfeiting of coins and offenses of a similar nature.

In receiving of stolen property the question as to the knowledge of the party charged, that the property in possession is stolen, becomes a matter of proof and if it is necessary, in order to introduce this class of evidence, to show the commission of similar offenses, such testimony is competent and under the instruction of the court its effect is limited to the question of guilty knowledge as to stolen property. That same principle applies to counterfeiting of coins. The question is, did the defendant have knowledge that the coin was counterfeit or did he have it in his possession or pass it ignorant of its true character? This may be determined by the introduction of evidence as to the passing of counterfeit coins on other occasions than that mentioned in the indictment, where the question is easily determinable that the defendant was possessed of a knowledge concerning the distinction in counterfeit and genuine coins.

Holding these views the judgmet of the common pleas court is hereby affirmed.

Vickery, PJ, and Levine, J, concur.